Newman, J.
In the original code of civil procedure, enacted in 1853 (51 O. L., 57), there was no provision for the taking of depositions in Ohio to be used outside the state. In 1854, however, there was passed an act which authorized any party to a civil action, cause or matter pending before any court of any other state, district or territory of the United States, to obtain the testimony of any witness residing in this state, to be used in such other state, district or territory (52 O. L., 27). Section 4 of this act was as follows:
“Sec. 4. If any person shall refuse or neglect to attend at the time and place mentioned in the summons, issued in accordance with this act, not having a reasonable excuse for such refusal or neglect, or if on his attendance, he shall refuse to testify, or answer any question, not being protected by law from testifying thereto, the officer or commissioner issuing such summons, is hereby authorized and empowered to compel such person, by attachment, to appear and answer, under such penalties as would be incurred, for a like offense, on the trial of a civil action before a justice of the peace, in this state; provided, that before any person, summoned as aforesaid, shall be compelled to testify, he shall be paid, if he demand them, his lawful fees for attendance.”
This act was repealed in 1878 (75 O. L., 796) and there was enacted in the act revising and con *34 solidating the laws relating to civil procedure, under subdivision 3, “Modes of Taking Testimony,” page 657, the following: “Section 29. Depositions may also be taken when the testimony is required in an action, cause, or matter pending before any court or authority without this state.” In the same act there was added to Section 340 of the original civil code of procedure “and if to be used out of the state, they may be taken before a commissioner or officer who derives his authority from the state, district, or territory in which they are to be used.” (75 O. L., 658.) Section 29 is now Section 11528, General Code, and the language which we have quoted and which was added to Section 340 of the original code of civil procedure is now a part of Section 11530. These two provisions, with but slight modifications, have been in force since their enactment.
It is the contention of counsel for plaintiffs in error that these two provisions are the only ones which have to do with depositions taken in this state for use outside the state and that they do not operate to give the power assumed by the commissioner in the case under consideration.
They insist that such power is not clearly and expressly conferred by these provisions and the same should never be assumed or implied. They contend further that the history of the legislation on the subject shows an unmistakable legislative intent that the power should not be conferred. They call attention to the fact that the original code of civil procedure makes no mention of depositions to be used in jurisdictions outside of Ohio; *35 that there was enacted in 1852 an act which not only provided for the taking of such depositions, but section 4 thereof, supra, authorized and empowered the officer or commissioner to enforce his authority by punishment, while the act of 1878, which repealed these provisions, replaced them with provisions which merely recognized' the right and contained no authority for commitment.
If these two provisions stood alone there might be some force in the contention of counsel, for the power on the part of a foreign commissioner, if any existed, would have to be implied. But counsel have failed to take into account certain statutes of the General Code, in Part Third, Title IV, Division III, Chapter 3, entitled “Evidence,” “Means of Securing Attendance,” “Modes of Taking Testimony,” to which Sections 11528 and 11530 are related and with which they are to be construed:
“Sec. 11502. When the attendance of a witness before an officer authorized to take depositions is required, the subpoena shall be issued by such officer.”
“Sec. 11510. Disobedience of a subpoena, a refusal to be sworn, except upon failure to pay fees duly demanded, and an unlawful refusal to answer as a witness or to subscribe a deposition, may be punished as a contempt of the court or officer by whom the attendance or testimony of the witness is required.”
“Sec. 11512. Punishment for the acts of contempt specified in section eleven thousand five hundred and ten shall be as follows: When the witness fails to attend in obedience to a subpoena, the court *36 or officer may fine him not over fifty dollars; in other cases, not more than fifty dollars nor less than five dollars; or he may imprison him in the county jail, there to remain until he submits to be sworn, testifies, or gives his deposition.”
“Sec. 11528. Depositions also may be taken when the testimony is required in an action, cause, or matter pending before any court or authority without this state.
“Sec. 11529. Depositions may be taken in this state before a judge or the clerk of the supreme court, a judge or clerk of the court of appeals, a judge or clerk of the court of common pleas, a probate judge, justice of the peace, notary public, mayor, master commissioner, official stenographer of any court in this state, or any person empowered by a special commission.
“Sec. 11530. Depositions taken in and to be used in this state, must be taken by an officer or person whose authority is derived within the state; but, if for use elsewhere, they may be taken before a commissioner or officer who derives his authority from the state, district, or territory in which they are to be used.”
In this case the commission was issued by the supreme court of Monroe county, New York, where the depositions are to be used, under section 887 of the New York code, which authorizes the issuing of a commission, directed to one or more competent persons named therein, authorizing them to take the testimony of witnesses outside of the state of New York under oath upon interrogatories annexed to the commission. Under the provisions of Sec *37 tion 11530 of our code depositions for use elsewhere may be taken before such commissioner. Under. Section 11510 a refusal to be sworn may be punished as a contempt of the court or officer by whom the testimony of the witness is required. Section 11512 prescribes the punishment for the acts of contempt specified in Section 11510, and in case the witness refuses to be sworn, as was the case here, the court or officer may imprison him in the county jail, there to remain until he submits to be sworn.
But it is suggested that an officer within the meaning of these sections is an officer of the state of Ohio, one who derives his authority from this state and who, under Section 7 of Article XV of the Constitution, is required to take an oath before entering upon the discharge of his duties.
We cannot ascribe this meaning to the word “officer” as used in these sections. In our opinion it is a term used to designate those persons who are empowered to take depositions and is not limited to one who holds what is technically an office under the state of Ohio. This seems clear upon an examination of Section 11543. This section relates to a deposition taken out of the state by an officer authorized to take it. The term “officer” is there used and unquestionably includes a commissioner appointed under the provisions of Section 11533 to take a deposition without the state. We find no provision requiring a commissioner so appointed to take an oath of office and such commissioner cannot be said to be an officer in a technical sense.
It appears from the record that the commis *38 sioner issued a subpena to plaintiffs in error and they appeared before him in obedience thereto. No objection was made to this and his right to issue a subpena does not seem to be questioned. The only authority, however, for issuing a subpena is under Section 11502, and such authority is vested in him by reason of the fact that he is an officer in the sense in which that term is there used.
We think the case of DeCamp v. Archibald, 50 Ohio St., 618, is decisive of this question. It was there held that the power of a notary public in taking depositions to punish a contumacious witness is not limited by Section 126, General Code, to the powers in that regard conferred on justices of the peace by Sections 10318 and 10319, but by being included in Section 11530 he has the further power of imprisoning for contempt conferred on “an officer” taking depositions by Sections 11510 and 11512. So a commissioner who derives his authority from another state, being included in Section 11530, has the same power.
We conclude, then, that by Section 11510 there is expressly conferred upon a commissioner appointed by another state to take depositions here the power to commit a witness to jail upon his refusal to be sworn. The purpose of Section 11528 is to give to litigants outside the state of Ohio the right to take the testimony of witnesses in this state for use in their litigation. It is to be presumed that the legislature intended to give effect to this statute, and if there is no provision for compelling the giving of testimony the very purpose for which it was enacted would be defeated.
*39 But it is claimed that if the Ohio statute attempts to authorize the commitment such statute is unconstitutional. In support of this contention counsel rely wholly on People, ex rel. McDonald, v. Leubischer, 34 App. Div., 577. Section 3001 of the New York code provided that where a witness attending before a justice in an action refuses to answer a pertinent and proper question and the party at whose instance he attended made oath that the testimony of the witness was so far material that without it he could not safely proceed with the trial of the action, the justice might by warrant commit the witness to the jail of the county. By section 920 of the code of that state a person who failed to appear at the time and place specified in a subpena duly served upon him or to testify or to subscribe his deposition when correctly taken down, was liable to the penalties which would be incurred in a like case if he were subpenaed to attend the trial of an action in a justice’s court, and for that purpose the officer before whom he was required to appear possessed all the powers of a justice of the peace upon the trial.
Section 920 was declared unconstitutional as applied to a commissioner appointed by a court of another state to take depositions in New York and who sought the'reunder to imprison for contempt. The court in reaching its conclusion proceeds upon the theory that power to punish for contempt is judicial in its nature and arises only in a judicial proceeding and can only be exercised by a competent judicial tribunal which has juris *40 diction in the premises. By the constitution of New York judicial power is vested in the courts established by or provided for in the constitution and in other bodies where the constitution by express provision vests in such other bodies powers in their nature judicial. In the second proposition of the syllabus in the New York case it is held that a notary public of one state appointed by the court of another state as a commissioner to take depositions in the former state in an action pending in the latter is not a member of the judicial department of the former state.
That decision would have weight here if this court entertained the same view as to the nature of the power of an officer in the taking of depositions to commit for contempt. But in DeCamp v. Archribald, supra, it was held that the power conferred by Sections 11510 and 11512, General Code, on a notary or other officer, in taking depositions, to commit a witness to the jail of the county for refusing to answer a question is not judicial in the sense of the constitution conferring all judicial power upon the courts of the state. In view of this holding we do not regard the New York case as in point here.
A commissioner who derives his authority from another state, being an officer within the meaning of that term as used in Section 11510, the holding in the DeCamp case with reference to the nature of the power of a notary applies to a commissioner. It is true that he derives his authority from a state other than Ohio in the sense that he is designated as one to take depositions, but his appointment is *41 recognized by this state and he is vested for the performance of his duties here with the same power and authority as a notary public or any of the other persons mentioned in the statutes. In a number of other cases decided by this court the power of a notary to commit for'contempt has been recognized, and. we think it is settled that there is no violation of any constitutional provision in the exercise of that power, and this is equally true when exercised by a commissioner of another state. Ex parte Jennings, 60 Ohio St., 319; In re Rauh, 65 Ohio St., 128; Ex parte Schoepf, 74 Ohio St., 1.
In the proceeding had in the case at bar plaintiffs in error were duly subpenaed and appeared before the commissioner. They were requested to be sworn but refused. They were then committed to jail, not as a punishment but for the purpose of compelling them to do what they had refused to do, for, as said by Justice Lamar in Gompers v. Bucks Stove & Range Co., 221 U. S., 418, 442, in speaking of imprisonment for civil contempt where the defendant has refused to do an affirmative act: “Imprisonment in such cases is not inflicted as a punishment, but is intended to be remedial by coercing the defendant to do what he had refused to do.” In the case at bar, when plaintiffs in error perform the act required of them, the commitment is at an end, or, under the provisions of Section 11514, they have the right to apply to a judge, who may discharge them if it appears that the imprisonment is illegal.
It is said by the supreme court of the United States that due process of law has never been pre *42 cisely defined, but it does not require a plenary suit or a trial by jury, nor is it necessarily, judicial procedure. In Iowa Central Ry. Co. v. Iowa, 160 U. S., 389, it is held: “The fourteenth amendment to the constitution in no way undertakes to control the power of a state to determine by what process legal rights may be asserted, or legal obligations be enforced, provided the method of procedure adopted for these purposes gives reasonable notice, and affords fair opportunity to be heard, before the issues are decided.” We think these requirements are met by the procedure provided in the statutes under consideration, and we are unable to say that there has been a failure of due process of law in the proceeding which is challenged by plaintiffs in error.
It is suggested that to permit a commissioner of the state of New York to commit a witness to jail in Ohio while in New York a commissioner appointed under the laws of Ohio does not have that authority would present an anomalous situation, and it is urged that no rule or principle of comity between states requires this state to accord to another state rights which that other state does not accord to this. But as we view the Ohio statutes they do not rest upon the ground of reciprocity or that other states shall have and enforce identical laws. It is to be said, however, that under section 854 of the code of New York, depositions may be taken by a person designated in a commission issued by a court of another state or country, and upon the refusal of a witness to be sworn, then under the provisions of section 856, if *43 the person issuing the subpena is not a judge of a' court of record, a judge of such court may commit the offender to jail, there to remain until he submits to do the act which he was required to do or is discharged according to law. The New York statute differs from ours in that it requires the commissioner taking the depositions to refer the question to a court in the first instance, while in this state the commissioner is authorized to commit and his action is subject to review under Section 11514, General Code. The mode of procedure rests solely with each state, and the fact that one state may have prescribed a course of pro-cedure different from that of another is wholly unimportant.
For the reasons we have given the judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Johnson, Donahue, . Wanamaker, Jones and Matthias, JJ., concur.